# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**  PLAINTIFF

v.  CASE NO. 4:15-CR-00176-BSM

**LAMONT S. BUCKLEY**  DEFENDANT

## ORDER

Lamont Buckley's pro se motion to reduce his sentence and to appoint counsel [Doc. No. 173] is denied because the retroactive application of Amendment 821 to the Federal Sentencing Guidelines does not reduce his sentencing range. *See* U.S.S.G. § 1B1.10(a)(2). This is true because Buckley's status as a career offender keeps his criminal history category at level VI. Additionally, even if Buckley was not a career offender, the amendment merely reduces his criminal history points from 22 to 21, and therefore his criminal history category remains at level VI. Moreover, Buckley's plea agreement "waive[d] the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ." Doc. No. 96 at 3. Buckley knowingly and voluntarily entered into his plea agreement, so he is not entitled to relief. *See United States v. Cowan*, 781 F. App'x 571, 571–72 (8th Cir. 2019) (per curiam) (affirming dismissal of a section 3582(c)(2) motion when the record established that the defendant knowingly and voluntarily entered the plea agreement). Furthermore, Buckley's request for the appointment of counsel is denied because there is no right to appointed counsel in sentence modification proceedings. *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) (per curiam).

IT IS SO ORDERED this 18th day of March, 2025.

_____
UNITED STATES DISTRICT JUDGE